DICKINSON, Junior and Wife *v.* CODWISE and another.

Where a master finds in favor of a plea of former suit pending and the complainant is dissatisfied, his course is to except to the report and, in this way, bring the matter before the court.

Where the matter of a second (former suit going on) is incidental to the matter of the first, although not embracing so much, a plea of former suit pending will hold. The complainants in the first suit should amend or put in the incidental matter in a supplemental bill.

THE master had reported in favor of a plea of another suit pending. The complainants excepted; and the points were, as to the regularity of the course (by excepting) taken by them—and as to the direct point taken by the plea.

*Jan.* 8. 1844.

*Pleading. Plea of former suit pending. Practice. Exception.*

Mr. *S. F. Clarkson,* for the complainants and in support of the exceptions.

Mr. *E. H. Owen,* contra.

THE VICE-CHANCELLOR :—This cause must be considered as regularly before the court on the exception to the master's report : 1 Newland's Ch. Prac. 163.

*Aug.* 13.

The question is one of fact : whether the bill in this case is for the same cause as the former bill still pending in this court ?

The first bill is filed for an account from the defendant Mary Codwise and for a partition of the real estate ; and making all the children and their representatives defendants. The present bill is for an account of the real and personal estate, with some collateral matters, such as following the house No. 17 Waverley Place, New York, and bringing it in as a part of the estate and to set aside the trust deed from Mrs. Codwise to John C. Van Rensselaer, as being a fraud on the rights of the complainants and the other children. But, the present bill does not ask for a partition—nor does it bring the necessary parties for that purpose before the court. It is only brought against Mrs.

Codwise and her son-in-law, Van Rensselaer, as accounting parties. Now, although partition is not an object of this bill, yet, accounting is; and an accounting is one of the objects and one of the causes of the first bill. The cause for filing this bill is the same as that embraced by the first bill. True, there are some collateral and additional matters here; but those might be introduced into the first bill; and, instead of filing a second original bill for the purpose of bringing those matters before the court, the complainants should have amended their first bill or have filed a supplemental one. It seems to me not necessary or proper to be going on with two suits *pari passu*, when one is capable of accomplishing the whole object. The additional matter in the present bill, about the Waverley Place house and the trust deed, is but incidental to the matter of accounting; and, so far as this bill goes, leaves it to be a bill for the same cause as is contained in the bill first filed.

I consider the master's report to be well founded; and the exception to it must be overruled, with costs to be paid by the complainants.